*484 OPINION of the Court, by
Judge Boyle.
— >Th;$ was an action of detinue for a negro girl; to which the appellant, who was defendant in the action below, pleaded non detinet, and issue was thereupon joined by the plaintiffs, who are appellees in this court.
The jury sworn to try this issue returned a verdict that “ the said defendant doth detain the said negro girl Matilda, in the declaration mentioned, in manner and form as the plaintiffs therein against him hath complained, and do find for the plaintiffs the said negro girl Matilda, if she may be had, and if she may not be had, the sum of two hundred dollars, her value, in damages.” The judgment of the court thereon is in the words following, to wit : “ It is therefore considered by the court, that the plaintiffs recover against the said defendant the said negro girl Matilda, if she may be had, and if she may not be had, two hundred dollars, her value, in damages, by the jurors in their verdict aforesaid assessed, and their costs in this behalf expended ; and the defendant,” &c.
The defendant moved the court for a new trial, alleging the verdict was contrary to law and evidence, and that three of the jurors were in favor of finding for the defendant, and offered to produce the affidavit of said three jurors, and the affidavit of other of the jurors who were in favor of finding for the plaintiffs, to prove that the said three jurors were in favor of finding for the defendant j that they were induced to submit to the verdict as returned, under the impression and belief that a majority was to govern them in finding a verdict; and that this information was procured from the jurors *485 shortly after being discharged. The court overruled the motion, and the defendant excepted thereto.
Where the weight of evidence is nearly equipoiíed, a new trial ought not to be granted.
The errors assigned are, 1st. That the writ is defective ; it does not state the value of the negro girl, and is directed to the coroner, whereas it should have been directed to the sheriff. 2d, The declaration varies from the writ m alleging that the said girl is of the value of 300 dollars. 3d. The verdict is defective in not finding as to the whole issue. Bv the issue joined they were bound to find as to the detention of the negro, and if the defendant detained her, the damages the plaintiffs had sustained by her detention. They have only found as to the detention, without any finding as to damages as to the detention. 4th. The court below erred in refusing to permit the affidavits of the jurors to be used as stated in the bill of exceptions. 6th. The court below erred ⅛ overruling the motion for a new trial on the case stated in the bill of exceptions.
The direction of the writ to the coroner may become,, in some cases, not only proper, but undispensably ne~ cessary, from the interest of the sheriff in the subject of the controversy, or his relation to one of the parties, Where the writ is so directed, and ⅜⅛ propriety of it is not questioned in the court below, and made to appear upon the record, this court must presume that circumstances existed which made the direction to the coroner proper. But this, as well as the omission to state in the writ the value of the negro girl, are objections going only to the abatement of the writ; and to permit the defendant to move in abatement, after having pleaded in bar of the action, would violate the established order of pleading.
These objections to the writ, as well as that taken in the second error assigned to the variance between the writ and declaration, are silenced by the verdict.
As to the objection taken to the verdict for not having found damages for the detention of the negro, it does not appear to comport with common sense that such an objection should lie in the mouth of the defendant. In actions sounding alone in damages, no judgment could be given unless damages were found ; but where the plaintiff goes for a specific thing, as in debt and detinue, there damages being merely an accessory, the verdict sad judgment may be for the principal thing without *486 its accessory; and if such judgment is given, it wouitf not appear reasonable that the defendant should object because the plaintiff had not also recovered damages against him. But admitting that the objection lay at common law, it seems to the court to be cured by the statute of 1799. The cause has evidently been tried upon its merits, and the judgment may be plead in bar to any other action for the same cause ; and in such cases the statute has prohibited an appeal or writ of error.
The fourth error presents to the court a question that they have repeatedly decided. An offer to produce affidavits as a ground for a motion for a new trial, cannot be sufficient to authorise the granting the motion — » See the cases of Heath vs. Conway, (a) and Wickliffe vs. Payne (b), decided at this term. The facts on which the motion is bottomed should always be made out, by proof produced to the court, or by the admission of the adverse party, and the court ought never to be required to give an opinion upon a hypothetical case.
There is no difficulty in deciding the question arising upon the fifth error assigned. The evidence exhibited in the bill of exceptions, is not alleged to be the whole evidence in the cause ; and if it was, the weight of it is too nearly balanced to have authorised the court t® grant a new trial. — —Judgment affirmed.

 Ante 398.

 Ante 413.